Filed 8/14/23  P. v. Smart CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C097870 |
| Plaintiff and Respondent, | (Super. Ct. No. 04F03478) |
| v. | |
| JARVELL DEANDRE SMART, | |
| Defendant and Appellant. | |

A jury found defendant Jarvell Deandre Smart and a codefendant guilty of two counts of assault with a firearm and one count of shooting at an occupied vehicle.  The jury found the crimes were committed for the benefit of a criminal street gang and that the codefendant personally used a firearm and personally inflicted great bodily injury but that defendant did not.  The jury further found that a principal in the offense of shooting at an occupied vehicle, the codefendant, personally and intentionally discharged a firearm and caused great bodily injury to both victims.  The trial court sentenced defendant to two

1

25-year-to-life terms on the Penal Code[1] section 12022.53 enhancements plus a consecutive term of three years on the shooting at an occupied vehicle count. On direct appeal, this court ordered one of the section 12022.53 enhancements stricken, resulting in a modified sentence of 25 years to life plus three years. (*People v. Smart* (2006) 145 Cal.App.4th 1216, 1227.)

In 2022, defendant filed a petition for resentencing under section 1172.6.[2] The trial court denied the petition, concluding defendant failed to make a prima facie showing of entitlement to relief. Appellate counsel filed a brief raising no arguable issues under *People v. Delgadillo* (2022) 14 Cal.5th 216 and *People v. Wende* (1979) 25 Cal.3d 436, and requesting we exercise our discretion to review the record for arguable issues on appeal. Defendant filed a supplemental brief.

Because the record indicates defendant is not eligible for relief under section 1172.6, we will affirm the trial court's order denying the petition for resentencing.

DISCUSSION

In his supplemental brief, defendant asserts he qualifies for relief under section 1172.6 because he was not the shooter, had no intention to participate in a crime, and did not know a crime was going to take place.

Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Stats. 2018, ch. 1015, §§ 1-4) was enacted "to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major

---

[1]     Further undesignated statutory references are to the Penal Code.

[2]     Defendant petitioned for resentencing under former section 1170.95. Effective June 30, 2022, the Legislature renumbered former section 1170.95 as section 1172.6 without substantive changes. (Stats. 2022, ch. 58, § 10.) We will refer to the current section 1172.6 throughout this opinion.

participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).)  Senate Bill No. 1437 achieved this by amending sections 188 and 189.  (Stats. 2018, ch. 1015, §§ 1-2.)  In addition, Senate Bill No. 1437 created a mechanism for individuals convicted of qualifying offenses to petition for resentencing.  Section 1172.6, subdivision (a) now provides:  "A person convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, attempted murder under the natural and probable consequences doctrine, or manslaughter may file a petition with the court that sentenced the petitioner to have the petitioner's murder, attempted murder, or manslaughter conviction vacated and to be resentenced on any remaining counts when all of the following conditions apply:  [¶]  (1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine.  [¶]  (2) The petitioner was convicted of murder, attempted murder, or manslaughter following a trial or accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder or attempted murder.  [¶]  (3) The petitioner could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019."

Defendant did not sustain a conviction that would qualify him for relief under section 1172.6.  The plain, unambiguous language of section 1172.6 establishes it applies only to convictions of murder, attempted murder, and manslaughter.  (See generally *People v. Lucero* (2019) 41 Cal.App.5th 370, 394-395 [discussing canons of statutory construction].)  Defendant was convicted of assault with a firearm and shooting at an occupied vehicle.  Section 1172.6 does not authorize resentencing for these convictions.

3

Defendant also asserts in his supplemental brief that had he been convicted of murder, attempted murder, or manslaughter, he would be eligible for relief, and it would be unfair to deny him relief because he stands convicted of the less culpable offenses of assault with a firearm and shooting at an occupied vehicle. As best we can discern, defendant's contention appears to be that section 1172.6 violates equal protection principles in that it treats similarly situated people in different ways. (See generally *People v. Chatman* (2018) 4 Cal.5th 277, 289 [in performing equal protection analysis, we first ask whether a classification affects similarly situated groups in an unequal manner].) However, defendant is not similarly situated to individuals eligible for relief under section 1172.6, as he was not convicted of any of the crimes addressed in the statute. (*People v. Morales* (2019) 33 Cal.App.5th 800, 808 ["Generally, offenders who commit different crimes are not similarly situated" for equal protection purposes].) In any event, the choice to include only murder, attempted murder, and manslaughter in section 1172.6 falls "within the Legislature's 'line-drawing' authority as a rational choice that is not constitutionally prohibited." (*People v. Cervantes* (2020) 44 Cal.App.5th 884, 888.) Moreover, we note that, while in passing Senate Bill No. 775 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 551, § 2) the Legislature amended what is now section 1172.6 to permit defendants convicted of attempted murder and manslaughter to seek the same relief afforded to those convicted of murder, the Legislature declined to extend the reach of section 1172.6 to defendants convicted of crimes other than murder, attempted murder, and manslaughter. Lastly, to the extent defendant's contention that section 1172.6 operates unfairly is not based on equal protection, he has not articulated or established any other basis for relief.

A reviewing court need not engage in a full *Wende* review on a challenge to an order denying postconviction relief under section 1172.6. (*People v. Delgadillo*, *supra*, 14 Cal.5th at pp. 221-222.) Where, as here, a defendant has filed a supplemental brief, the reviewing court need only evaluate the specific arguments raised in the brief. (*Id.* at

4

p. 232.)  "The filing of a supplemental brief or letter does not compel an independent review of the entire record to identify unraised issues."  (*Ibid*.)  Having addressed the specific contentions raised in defendant's supplemental brief, our review is complete.

DISPOSITION

The trial court's order denying defendant's petition for resentencing is affirmed.


/s/ _____
ROBIE, Acting P. J.


We concur:


/s/ _____
RENNER, J.


/s/ _____
KRAUSE, J.